In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00199-CV
_____


IN RE BROOKE ADAMS MANUEL

Original Proceeding
136th District Court of Jefferson County, Texas
Trial Cause No. D-205,780

## MEMORANDUM OPINION

Evidence of a position taken by a party opponent in an administrative proceeding is relevant, though not dispositive, in a lawsuit that concerns facts of consequence shared by the two disputes. In this wrongful-death suit, the representative of the decedent's estate, Brooke Adams Manuel, asserted claims in contract and in tort against the hospice care affiliated entities and its employee—a social worker/grief counselor—whom the petitioner alleged developed an improper relationship with the decedent, Frank Adams. According to the

allegations in the petition, the employee used her influence to coerce and exploit Frank Adams for her financial gain.

Manuel, as the representative of the Estate of Frank Adams, served a request for production on Karen Elizey Havens, the Real Party in Interest, asking Havens to produce copies of documents relating

> to the complaint filed by Brooke Adams Manuel and/or her counsel that was submitted to the Texas State Board of Social Worker Examiners on May 12, 2020. This request includes any and all opinions, findings, and/or written responses, including any recorded statements (whether in written, audio or digital format), along with any supporting documentation that you submitted and/or received from the State of Texas and/or the Texas State Board of Social Worker Examiners relating to such complaint.

Havens objected to the request on several grounds, including relevance. For example, she objected to responding and claimed the request was too broad, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence. And she asserted the request called for information protected by the attorney-client privilege.

Manuel moved to compel after receiving Havens' response. During the hearing, Havens' attorney offered to provide the trial court with a letter he submitted to the Texas Behavioral Health Executive Board on Havens' behalf, asking that the trial court inspect the letter in camera

and determine if the letter was discoverable. After examining the letter, the trial court issued an order denying Manuel's motion to compel. The order denying the motion states the trial court denied the motion "for the following reasons: Relevance[.]"

Subsequently, Manuel petitioned for mandamus relief from the order. In her petition, she argues the trial court abused its discretion in finding the request she served on Havens did not seek information relevant to the disputed issues in her suit.[1]

Mandamus is an extraordinary remedy, available when a trial court clearly abuses its discretion and no adequate remedy exists through the filing of an ordinary appeal.[2] When a trial court denies a party's discovery request, the petitioner may show that an abuse of discretion occurs by showing (1) the trial court could have reached only one conclusion when deciding whether the material sought was discoverable, (2) the trial court erred in determining the law applicable to the dispute, or (3) the trial

---

[1]*See* Tex. R. Civ. P. 192.3, 194.2(b)(9).
[2]*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding).

court erred in applying the law to the facts, even when the law is unsettled.[3]

Generally, the rules that govern the scope of permissible discovery allow parties to discover "any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party."[4] The Rules of Civil Procedure go on to state it "is not a ground for objection that the information will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."[5] The trial court should, however, limit discovery when "the discovery sought is unreasonably cumulative or duplicative" or "the burden or expense of the proposed discovery outweighs its likely benefit[.]"[6]

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of

---

[3]*In re State Farm Lloyds,* 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding).
[4]Tex. R. Civ. P. 192.3(a).
[5]*Id.*
[6]*Id.* 192.4.

4

consequence in determining the action."[7] To be discoverable, evidence need not necessarily be admissible, instead the information being sought need only be reasonably calculated to lead to the discovery of admissible evidence.[8]

In general, Manuel's pleadings allege that Havens violated her duties to Adams while treating him in the course and scope of her employment as a social worker. Havens, through her attorney, told the Board what Havens' position was concerning Manuel's allegations, which assert that Havens engaged in an improper relationship with Adams. The letter the attorney sent to the Board also addresses Manuel's claims alleging that Havens was assigned by her employer to Adams as a social worker. Therefore, we cannot understand why the trial court deemed Manuel's request irrelevant given the issues in the administrative proceeding, the issues in the lawsuit, and the rules governing discovery in civil suits.

When Havens responded to Manuel's request to produce, she argued that she was not working for Adams as his counselor or social

---

[7]Tex. R. Evid. 401.
[8]*In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 248 (Tex. 2021) (orig. proceeding).

worker when their personal relationship developed. In this Court, she argues that her position that she was not working for Adams when their personal relationship developed was confirmed by John Brian. Brian testified in a deposition that he was supervising Havens, who was then a graduate student working on her master's degree in social work, when she accompanied him to a meeting where he counseled Adams. Havens argues that Manuel is not entitled to mandamus relief because factual disputes exist, and she concludes the trial court had the right to resolve them in deciding whether Havens was entitled to the documents she requested. And certainly, there are factual disputes: during Brian's deposition, he conceded on cross-examination that Havens signed the bereavement plan of care that Brian and others created for Adams under Medicare requirements as Adams' social worker.

But we look to the pleadings to decide what is within the scope of discovery in a civil dispute.[9] Absent a finding of bad faith or falsity, we

---

[9]*In re Methodist Primary Care Grp.*, No. 14-17-00299-CV, 2017 WL 3480292, at *2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2017, no pet.) ("Courts measure the scope of discovery by the live pleadings regarding the pending claims.").

must assume the allegations in the pleadings were filed in good faith.[10] Manuel's live pleadings (her First Amended Petition and First Supplement to First Amended Petition) allege that Havens' employer assigned Havens to treat and provide grief counseling and social services to Adams. She alleged the counseling sessions with Adams occurred in 2018, 2019 and 2020. And Manuel alleged it was first noticed that "Havens began staying the night at Frank Adams' home with frequency" in the spring of 2019. According to Havens, around July 2019, Havens' relationship with Adams became "highly inappropriate, given … Havens' position as Frank Adams' grief counselor and social worker."

So while Havens disputes Manuel's claims, Havens' relationship with Adams, which according to the pleadings arose around July 2019, is a fact of consequence in the dispute. Information related to whether she was assigned to work for Adams by her employer is therefore not irrelevant to the dispute, and information regarding those facts are in the letter that Havens' attorney sent the administrative licensing agency on

---

[10]*In re Elara Signature Homes, Inc.*, No. 09-21-00068-CV, 2021 WL 1418235, at *2 (Tex. App.—Beaumont Apr. 15, 2021, orig. proceeding [mand. denied]) (mem. op.).

7

Havens' behalf when he addressed similar claims that either Manuel or others had raised in the administrative proceeding.

According to Havens, the trial court determined the document it examined was not relevant because it contained a statement Havens had not made under oath. To be sure, the representations that Havens' attorney made to the Board were not statements made under oath and are not statements he made with personal knowledge about whether they were true. But Havens' insistence that her attorney's lack of personal knowledge means he lacks relevant knowledge does not necessarily follow.

In the administrative proceeding, Havens' counsel acted as her agent. So the representations that her attorney made to the Board are deemed to be representations made by Havens.[11] And unless the documents Manuel sought are privileged, information compiled from

---

[11]*See In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 790-91 (Tex. 2021) (orig. proceeding) (in a discovery mandamus, concluding that USAA's insistence that its corporate representative's lack of personal knowledge "necessarily equate[d]" to a "lack of relevant knowledge rings hollow"); *Dow Chemical Co. v. Benton*, 357 S.W.2d 565, 568 (Tex. 1962) (noting the general rule is that "as long as the attorney-client relationship endures, with its corresponding legal effect of principal and agent, the acts of one must necessarily bind the other as a general rule").

other sources in a document even if that document might for some other reason be inadmissible may still be discoverable if the information in the document is reasonably calculated to lead to the discovery of admissible evidence.[12] But in this instance, the trial court's analysis stopped at the relevance step and went no further.

We conclude the trial court abused its discretion by finding the documents Manuel sought in her request were irrelevant to the dispute. On the contrary, the evidence before the court shows the trial court, from the evidence it examined in camera, could have reached only one conclusion from examining that document—it contained relevant evidence. Because the trial court clearly erred in applying the law to the facts, we conclude Manuel lacks an adequate remedy through an appeal.[13]

We are confident that the trial court will vacate its order of June 24, 2021. After vacating its order, the trial court should then consider Havens' remaining objections before deciding whether to grant Manuel's

---

[12]*In re USAA Gen. Indem. Co.,* 624 S.W.3d at 791.
[13]*In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding).

motion to compel. A writ of mandamus shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on July 7, 2022
Opinion Delivered August 4, 2022

Before Golemon, C.J., Kreger and Horton, JJ.